1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  CHARLES A. ROGERS,                              CASE NO. 1:10-cv-00792-LJO-SKO PC

10              Plaintiff,                         ORDER DISMISSING COMPLAINT, WITH
                                                   LEAVE TO FILE AMENDED COMPLAINT
11      v.                                         WITHIN THIRTY (30) DAYS

12  W. GARDNER, et al.,

13              Defendants.
                                              /
14

15      Plaintiff Charles A. Rogers ("Plaintiff") is a state prisoner proceeding pro se and in forma

16  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of the

17  California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at

18  the California Substance Abuse Treatment Facility and State Prison in Corcoran, California

19  ("CSATF-SP"). Plaintiff names W. Gardner (correctional officer), Turner (correctional sergeant),

20  Mayfield (correctional sergeant), S. Zuinani (appeals coordinator), and Ken Clark

21  (warden/supervisor) as defendants.  For the reasons set forth below, the Court finds that Plaintiff's

22  complaint fails to state any claims under Section 1983.  The Court will dismiss Plaintiff's complaint

23  with leave to file an amended complaint which cures the deficiencies identified in this order.

24  **I.      Screening Requirement**

25      The Court is required to screen complaints brought by prisoners seeking relief against a

26  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

2    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

4    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5         In determining whether a complaint fails to state a claim, the Court uses the same pleading

6    standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

7    contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

8    R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

9    allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

10   accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

11   Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,

12   accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550

13   U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

14   liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id.

15   (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual

16   allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

17   Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

18   statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

19   **II.    Background**

20        **A.    Procedural Background**

21        The complaint in this action was filed on May 5, 2010.  This lawsuit was originally filed on

22   behalf of Plaintiff, as well as Demitrius M. McClendon, and Antonio P. Youmans.  The three

23   plaintiffs requested certification of this lawsuit as a class action.  On February 11, 2011, the Court

24   denied class certification and also severed the lawsuit so that each plaintiff would proceed in his own

25   lawsuit.  (Doc. #19.)

26   ///

27   ///

28   ///

1    **B.    Factual Background**

2    Plaintiff claims that Defendants violated his rights under the U.S. Constitution by delaying

3    his quarterly package.  Plaintiff alleges that his "quarterly package was ordered and processed[1] on

4    May 16, 2008." (Compl. ¶ 18, ECF No. 1.)  However, Plaintiff did not receive his quarterly package

5    until June 23, 2008.  Plaintiff claims that prison officials violated "Department Operations Manual

6    §54030.7.1" because they did not deliver Plaintiff's package within 15 days of delivery to the

7    institution.  (Compl. ¶ 18, ECF No. 1.)

8    Defendant Turner denied Plaintiff's 602[2].  Turner determined that Plaintiff's package was

9    not intentionally delayed.  Plaintiff mailed Defendant Clark two letters regarding the prison's policy

10   on the issuance of quarterly packages.  Plaintiff's 602 was also denied by Clark.  Plaintiff also mailed

11   a letter to the State Personnel Board claiming that "defendant Gardner issues inmate quarterly

12   packages contrary to the D.O.M." (Compl. ¶ 24, ECF No. 1.)

13   **III.   Discussion**

14   Plaintiff's complaint raises five separate causes of action.  Plaintiff's first cause of action

15   claims that Defendants are liable under California Government Code § 815.6 for failing to discharge

16   a mandatory duty.  Plaintiff's second cause of action claims that Defendants are liable under 42

17   U.S.C. § 1983 for their "[f]ailure to [p]rotect."  Plaintiff's third cause of action claims that

18   Defendants are liable under Section 1983 for their "[n]egligent [s]upervision."  Plaintiff's fourth

19   cause of action claims that Defendants are liable under Section 1983 for their "[w]illfull[sic] and

20   [w]anton [c]onduct."  Plaintiff's fifth cause of action claims that Defendants are liable under Section

21   1983 for violating Plaintiff's due process rights.

22   For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any

23   cognizable claims under Section 1983. Since Plaintiff's complaint does not state any federal claims,

24   ///

25

26   [1] It is unclear whether Plaintiff's quarterly package was ordered on May 16, 2008, or if the quarterly

27   package was delivered to the prison and processed on May 16, 2008.

28   [2] Based on the Court's experience with civil rights complaints filed by prisoners, a 602 is an administrative grievance form used by prisoners to file complaints regarding prison staff or prison policies.

1    the Court will refrain from discussing the merits of Plaintiff's state law claim under California

2    Government Code § 815.6.

3              A.        **Failure to Protect Claim**

4              Plaintiff claims that Defendants Turner, Mayfield, and Zuinani "are charged with the

5    implementation of administrative protection for the inmate population" and "are responsible for

6    ensuing[sic] plaintiffs' rights were not violated." (Compl. ¶ 49, ECF No. 1.)  Plaintiff claims that

7    Turner, Mayfield, and Zuinani violated Plaintiff's state protected rights because they knew that

8    Plaintiff's packages were not being delivered properly and failed to intervene.  Plaintiff claims that

9    "Turner, Mayfield and Zuinani knew of the violations, but failed to act as mandated by state and

10   federal law in properly mitigating the damages outlined in the complaint." (Compl. ¶ 55, ECF No.

11   1.)

12             Section 1983 provides a cause of action against "[e]very person who, [under color of state

13   law], subjects, or causes to be subjected, any citizen of the United States or other person within the

14   jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the

15   Constitution and laws."  42 U.S.C. § 1983.  To state a claim under Section 1983, Plaintiff must

16   identify the "rights, privileges or immunities secured by the Constitution and laws" that Defendants

17   violated.  Plaintiff's second cause of action is devoid of any reference to the Constitution or any

18   specific law.

19             Plaintiff's second cause of action fails to state a cognizable claim because Plaintiff has failed

20   to identify what federal rights, privileges or immunities were violated by Defendants.[3]  Plaintiff has

21   failed to identify any case, statute, or section of the Constitution which bestows upon Plaintiff the

22   "state protected rights" alluded to in Plaintiff's complaint.

23   ///

24

25

26   [3] Plaintiff's first cause of action contends that Defendants violated rights guaranteed by regulations in the
     Departmental Operations Manual that requires prison officials to issue inmate packages within 15 calendar days of
     delivery to the institution.  However, Section 1983 does not provide a cause of action for the violation of a state law
27   or regulation.  See Campbell v. Burt, 141 F.3d 927, 930 (9th Cir. 1998) ("As a general rule, a violation of state law
     does not lead to liability under § 1983."); Lovell ex rel Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 371 (9th
28   Cir. 1996) ("We cannot enlarge federally protected rights simply because California chose to expand its state-created
     rights.").

                                                                4

1

### B.        Negligent Supervision Claim

2      Plaintiff's third cause of action claims that Defendants Turner and Clark failed to properly

3 supervise and train Defendant Gardner regarding the requirements of the Departmental Operations

4 Manual.  Plaintiff is presumably referring to the section of the Departmental Operations Manual

5 requiring the issuance of inmate packages within 15 calendar days of delivery to the institution.

6 Plaintiff's Section 1983 claim fails because Plaintiff has failed to identify what federal rights,

7 privileges or immunities were violated by Defendants.  See discussion supra Part III.A.  Plaintiff has

8 not identified any case, statute, or section of the Constitution which bestows upon Plaintiff the right

9 to receive inmate packages within 15 calendar days of delivery to the institution.

10

### C.        Willful and Wanton Conduct Claim

11      Plaintiff's fourth cause of action claims that Defendants Gardner and Mayfield "deliberately

12 acted in a manner that gave rise to their damages."  (Compl. ¶ 63, ECF No. 1.)  Plaintiff's Section

13 1983 claim fails because Plaintiff has failed to identify what federal rights, privileges or immunities

14 were violated by Defendants.  See discussion supra Part III.A.  Plaintiff has not identified any case,

15 statute, or section of the Constitution which bestows upon Plaintiff the right to be free from the

16 "deliberate[] act[s] . . . that gave rise to [Plaintiff's] damages."

17

### D.        Due Process Claim

18      Plaintiff's fifth cause of action[4] claims that Defendants Mayfield and Zuinani violated

19 Plaintiff's due process rights under the U.S. Constitution.  Unlike Plaintiff's second, third, and fourth

20 causes of action, Plaintiff's fifth cause of action can be liberally construed to raise a claim for the

21 violation of the Due Process Clause of the Fourteenth Amendment.

22      The Due Process Clause protects prisoners from being deprived of liberty without due

23 process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  To state a cause of action for

24 deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which

25 the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state

26

27

28 [4]The fifth cause of action raised in Plaintiff's complaint appears to only be raised on behalf of Plaintiff
McClendon, who is no longer a party to this action.  However, the Court provides Plaintiff with the relevant legal
standards for due process claims for the purpose of analyzing Plaintiff's allegations under the Due Process Clause.

1   law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Liberty interests created by state law are

2   generally limited to freedom from restraint which "imposes atypical and significant hardship on the

3   inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484

4   (1995).  In determining whether a hardship is sufficiently significant enough to warrant due process

5   protection, the Court looks to: (1) whether the challenged condition mirrored those conditions

6   imposed upon inmates in administrative segregation and protective custody and is thus within the

7   prison's discretionary authority to impose, (2) the duration of the condition and the degree of

8   restraint imposed, and (3) whether the state's action will invariably affect the duration of the

9   prisoner's sentence.  Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).

10         To the extent that the allegations in Plaintiff's complaint can be liberally construed to raise

11   a claim under the Due Process Clause, Plaintiff is advised that any such claim would not be

12   cognizable.  Plaintiff's complaint can be liberally construed to allege three types of injuries, 1) the

13   injuries caused by the delay in Plaintiff's receipt of his package, 2) the injuries caused by

14   Defendants' failure to comply with the Departmental Operations Manual, and 3) the injuries caused

15   by Defendants' failure to grant Plaintiff's 602 or otherwise intervene on the issues raised in

16   Plaintiff's administrative appeals.  None of these hardships rises to the level of a liberty interest

17   protected by the Due Process Clause.

18              **1.       Plaintiff's Property Interest**

19         While the Due Process Clause protects prisoners from being deprived of property without

20   due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected

21   interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974), the delay in the

22   issuance of Plaintiff's package does not rise to the level of a constitutional violation.  Whether a

23   deprivation of property rises to the level of a constitutional violation depends on whether the

24   deprivation was negligent or unauthorized.  A negligent deprivation of property does not violate the

25   Due Process Clause when adequate post-deprivation remedies are available because pre-deprivation

26   process is impracticable since the state cannot know when such deprivations will occur.  Hudson v.

27   Palmer, 468 U.S. 517, 533 (1984).  Similarly, an intentional, but unauthorized, deprivation of

28   property does not violate the Due Process Clause when adequate post-deprivation remedies are

1 available. Id. California Law provides an adequate post-deprivation remedy for any unauthorized

2 property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't

3 Code §§ 810-895).

4        Plaintiff alleges that the delay in the issuance of his package was not authorized by any

5 statute or regulation. It is unclear whether the delay was intentional or negligent; in either case, the

6 delay would not be actionable under Section 1983.

7                  **2.**       **Defendants' Failure to Comply with the D.O.M.**

8        Whether Defendants' failure to comply with the Departmental Operations Manual is

9 actionable depends on whether the hardship rises to the level of a liberty interest protected by the

10 Due Process Clause. Under Sandin, a hardship is sufficiently significant if it imposes atypical and

11 significant hardship on the inmate in relation to the ordinary incidents of prison life. Plaintiff's

12 allegations regarding the delayed package do not describe an atypical or significant hardship.

13 Accordingly, the rights created by the Departmental Operations Manual concerning the delivery of

14 packages do not rise to the level of a protected liberty interest and does not support a claim under

15 Section 1983.

16                  **3.**       **Defendants' Processing of Plaintiff's Administrative Grievances**

17        Plaintiff has no constitutionally protected interest in the manner in which prison officials

18 process Plaintiff's administrative grievances. "[A prison] grievance procedure is a procedural right

19 only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494,

20 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also

21 Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals

22 because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th

23 Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v.

24 Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty

25 interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v.

26 DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

27        Since Plaintiff has no protected liberty interest in the prison grievance procedure, Defendants'

28 failure to grant Plaintiff's 602s or otherwise intervene regarding Plaintiff's complaints does not rise

1 to the level of a due process violation.  Thus, Plaintiff's complaint fails to state any claims under

2 Section 1983.

3     **E.**     **State Law Claims**

4     Plaintiff's only remaining claim is his claim that Defendants are liable under California

5 Government Code § 815.6.  Since Plaintiff fails to state any cognizable federal claims, the Court

6 declines to exercise supplemental jurisdiction over Plaintiff's state law claim.  See 28 U.S.C. §

7 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction over a claim if "the

8 district court has dismissed all claims over which it has original jurisdiction"); United Mine Workers

9 of America v. Gibbs, 383 U.S. 715, 726 (1966) (". . . if the federal claims are dismissed before trial

10 . . . the state claims should be dismissed as well.").

11 **IV.**     **Conclusion and Order**

12     The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

13 which relief may be granted under Section 1983.  The Court will provide Plaintiff with the

14 opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

15 See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave

16 to amend should be granted even if no request to amend was made unless the court determines that

17 the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d

18 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless

19 it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

20 Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his

21 amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

22     If Plaintiff elects to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).

23 Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

24 constitutional or other federal rights.  "The inquiry into causation must be individualized and focus

25 on the duties and responsibilities of each individual defendant whose acts or omissions are alleged

26 to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

27 With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.

28 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other

8

1   words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's

2   complaint because at this stage Plaintiff's factual allegations will be accepted as true.

3   However, although Plaintiff's factual allegations will be accepted as true and "the pleading

4   standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain

5   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

6   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

7   544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that

8   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

9   alleged."  Id. (citing Twombly, 550 U.S. at 556).

10   Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

11   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

12   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

13   pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

14   complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing

15   London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

16   1474.  In other words, even the claims that were properly stated in the original complaint must be

17   completely stated again in the amended complaint.

18   Accordingly, based on the foregoing, it is HEREBY ORDERED that:

19   1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

20   2.   The Clerk's Office shall send Plaintiff a complaint form;

21   3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

22        amended complaint;

23   4.   Plaintiff may not add any new, unrelated claims to this action via his amended

24        complaint and any attempt to do so will result in an order striking the amended

25        complaint; and

26   ///

27   ///

28   ///

1       5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this

2       action be dismissed, with prejudice, for failure to state a claim.

4  IT IS SO ORDERED.

5  **Dated:**   **March 10, 2011**                                 **/s/ Sheila K. Oberto**

UNITED STATES MAGISTRATE JUDGE