# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS, | CASE NO. 1:10-cv–00792-LJO-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| W. GARDNER, et al., | (ECF No. 22) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Screening Requirement

Plaintiff Charles A. Rogers is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Following the denial of Plaintiff's motion to certify this as a class action, Plaintiff's complaint was dismissed, with leave to amend, on March 11, 2011. (ECF No. 20.) Currently before the Court is the first amended complaint, filed April 5, 2011. (ECF No. 22.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is housed at the California Substance Abuse and Treatment Facility, Corcoran ("CSATF"). Plaintiff brings this action against Defendants Gardner, Turner, Clark, and Does 1-10, alleging violations of the First and Fourteenth Amendment for untimely delivery of his mail.

Plaintiff's quarterly package was ordered and processed on May 16, 2008. The package was sent through the United States mail and Plaintiff did not receive it until June 23, 2008, allegedly in violation of California Code of Regulations and prison regulations. Plaintiff states that Defendant Gardner is "substantially responsible" for the delivery of inmate's quarterly packages. Plaintiff submitted an inmate appeal that was denied by Defendant Turner stating there was no intentional delay in delivering Plaintiff's quarterly package. Plaintiff sent a letter to Defendant Clark informing him of the ongoing policy of issuing quarterly packages. A month later, Plaintiff sent a letter to Defendant Clark complaining about the appeal process.

Plaintiff alleges that Defendant Gardner intentionally delayed his incoming mail and

1 Defendants Clark and Turner failed to train and supervise employees in how inmate packages are
2 to be delivered to inmates. Plaintiff seeks injunctive relief and damages.

3 For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief.
4 Plaintiff shall be given one final opportunity to file an amended complaint curing the deficiencies
5 described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff
6 with the legal standards that appear to apply to his claims. Plaintiff should carefully review the
7 standards and amend only those claims that he believes, in good faith, are cognizable.

**III.   Discussion**

**A.   First Amendment**

10 Prisoner's have a right under the First Amendment to send and receive mail. Witherow v.
11 Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). "However, a prison may adopt regulations
12 which impinge on an inmate's constitutional rights if those regulations are 'reasonably related to
13 legitimate penological interests.'" Witherow, 52 F.3d at 265 (quoting Turner v. Safely, 482 U.S. 78,
14 89, 107 S. Ct 2254, 2261 (1987)). It has long been established that security of the institution is a
15 legitimate penological interest. Procunier v. Martinez, 416 U.S. 396, 413, 94 S. Ct. 1800, 1811
16 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874 (1989).
17 Courts have held that a temporary delay in the delivery of an inmate's mail does not violate the First
18 Amendment. See Crofton v. Roe, 170 F.3d 957, 960 (9th Cir. 1999) (a temporary delay in delivering
19 an inmate's mail which is caused by prison official's security inspection does not violate the First
20 Amendment); Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1987) ("merely alleging an isolated
21 delay or some other relatively short-term, non content-based disruption in the delivery of inmate
22 reading materials will not support, even as against a motion to dismiss, a cause of action grounded
23 upon the First Amendment"); Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003) (an isolated incident
24 of interference with an inmate's mail is usually insufficient to allege a constitutional violation).

25 Plaintiff alleges that he ordered his quarterly package on May 16, 2008, and he did not
26 receive the package until June 23, 2008. While Plaintiff claims that his package was delayed, he
27 fails to allege facts to indicate anything more than a temporary delay in receiving his package.
28 Crofton, 170 F.3d at 960. Plaintiff's allegations fail to state a cognizable claim for a violation of his

3

1  First Amendment right to receive mail.

**B.     Due Process**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2300. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

There is a liberty interest in communication by mail that is protected by the Due Process Clause. Procunier, 416 U.S. at 418, 94 S. Ct. 1800; Witherow, 52 F.3d at 265. Prison officials may examine a prisoner's mail without infringing upon his constitutional rights. United States v. Wilson, 447 F.2d 1, 8 n.4 (9th Cir. 1971). An inmate has a due process liberty interest in receiving notice that his mail is being withheld. Prison Legal News v. Lehman, 397 F.3d 692, 701 (9th Cir. 2005); Sorrels v. McKee, 290 F.3d 965, 971 (9th Cir. 2002). Only where the failure to notify is pursuant to prison policy would a due process claim arise. Sorrels, 290 F.3d at 972.

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. The first amended complaint fails to set forth allegations to show that any named defendant personally participated in the delay in receiving Plaintiff's mail. Jones, 297 F.3d at 934.

**C.     Failure to Train or Supervise**

The "failure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact." Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006)*; see* City of Canton, Ohio v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197,

1204 (1989).  The failure to train must be the moving force behind the constitutional violation. Canton, 489 U.S. at 391, 109 S. Ct. at 1206.  Plaintiff's claim fails as he has not alleged a cognizable claim for a  violation of his constitutional rights.

### D.     Title 15 Regulations

Section 1983 provides a cause of action where a state actor's "conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986)).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996).  Nor is there any liability under § 1983 for violating prison policy.  Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)).

### IV.    Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights.  Plaintiff is granted one final leave to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer, 844 F.2d at 633.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed April 5, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   October 28, 2011           /s/ **Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE